UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ANTONIO EDIOR PIERRE,<br><br>        Petitioner,<br><br>    v.<br><br>MERRICK GARLAND, et al.,<br><br>        Respondents. | Case No. 5:23-cv-02606-ODW-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |

## I.

## INTRODUCTION

On December 21, 2023, the Court received from Antonio Edior Pierre ("Petitioner"), proceeding pro se, a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. Dkt. 1 ("Petition" or "Pet."). Petitioner, who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Desert View Annex in Adelanto, California, purports to challenge his final order of removal.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition

and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition." See also Mayle v. Felix, 545 U.S. 644, 656 (2005). A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. See Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254); Lane v. Feather, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 in dismissing a Section 2241 petition).

The Court has reviewed the Petition under Habeas Rule 4 and finds the Petition appears subject to dismissal for lack of jurisdiction.

## II.
## SUMMARY OF THE PETITION

The Department of Homeland Security ("DHS") initiated removal proceedings on July 19, 2023, serving Petitioner with a Notice of Intent to Issue a Final Administrative Removal Order ("Notice of Intent"). A Final Administrative Removal Order was served on Petitioner the same day, without "obtaining a concession of removability." Pet. at 3, 7 (CM/ECF pagination). Petitioner challenges the final order of removal, arguing that he is a citizen or national of the United States and DHS's issuance of a Notice of Intent and the removal order the same day violated 8 U.S.C. § 1228(b)(4) and 8 C.F.R. § 238.1, which protects Petitioner's due process rights. Id. at 3. Petitioner further contends: (1) DHS failed to prove by clear, convincing, and unequivocal evidence that he was removable under 8 U.S.C. § 1228(b) as a noncitizen convicted of an aggravated felony; (2) DHS erroneously concluded he "failed to establish a nexus to a protected ground sufficient to entitle him to a full hearing on his birth claim[] and withholding of removal claim"; (3) DHS erred in relying on Petitioner's criminal case as it is "still pending his actual innocence motion"; and (4) he did not concede removability or waive his right

to rebut DHS's charges and "still had nearly the full ten days." Id. at 3-4. Petitioner claims he has tried to file multiple motions in the Immigration Court, but they have all been returned because his case number is incorrect. Id. at 3. He requests that he be immediately released from custody. Id. at 4.

## III.
## DISCUSSION

Petitioners seeking habeas relief must show they are in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2241 confers jurisdiction upon federal courts to consider challenges to the detention of aliens in removal proceedings. See Demore v. Kim, 538 U.S. 510, 517-18 (2003). However, pursuant to the REAL ID Act of 2005, which amended the Immigration and Nationality Act ("INA"), district courts lack habeas jurisdiction to review final orders of removal; instead, "the sole and exclusive means for judicial review of an order of removal" lies with the appropriate court of appeals in a petition for review. 8 U.S.C. § 1252(a)(5); Martinez v. Napolitano, 704 F.3d 620, 621-22 (9th Cir. 2012) ("The exclusive means to challenge an order of removal is the petition for review process."); see also 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law . . ., including section 2241 of Title 28, or any other habeas corpus provision . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."). The REAL ID Act "makes the circuit courts the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal." Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005) (explaining that the REAL ID Act "eliminated habeas jurisdiction, including jurisdiction under 28 U.S.C. § 2241, over final orders of deportation, exclusion, or removal").

   Additionally, the INA includes a "zipper clause" that consolidates all "questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien" into a petition for review. Martinez, 704 F.3d at 622 (quoting 8 U.S.C. § 1252(b)(9)). "This statutory scheme was designed to 'limit all aliens to one bite of the apple with regard to challenging an order of removal,'" id. (citation omitted), and makes clear that "review of a final removal order is the only mechanism for reviewing any issue raised in a removal proceeding." Singh v. Gonzales, 499 F.3d 969, 976 (9th Cir. 2007) (citation omitted); see also J.E.F.M. v. Lynch, 837 F.3d 1026, 1031 (9th Cir. 2016) (explaining that Section 1252(a)(5) and (b)(9) "channel judicial review over final orders of removal to the courts of appeal").

   While Section 1252 does not bar habeas review over claims "independent of or collateral to" the removal process, see J.E.F.M., 837 F.3d at 1032; Martinez, 704 F.3d at 622, challenges to the procedure and substance of an agency finding that are "inextricably linked" to an order of removal are prohibited under Section 1252(a)(5). Martinez, 704 F.3d at 623. The distinction between an independent claim and an indirect challenge turns on "the substance of the relief that a plaintiff is seeking." Id. at 622 (citation omitted).

   Here, it appears the Court lacks jurisdiction over the claims raised in the Petition. Petitioner seeks to relitigate the final order of removal, challenging the procedure and substance of the removal proceedings, arguing, among other things, that it was improper to issue the Notice of Intent and final order of removal on the same day, he is a "citizen or national of the U.S.," he is being confused with someone else, and his criminal case is still pending on an "actual innocence motion." Pet. at 3-4. He claims he is entitled to immediate release based on DHS's erroneous finding that he is deportable as an alien convicted of an aggravated felony. Id. at 4. As such, Petitioner appears to be seeking an order rescinding the final order of removal, which is precisely the

type of relief that is outside the subject matter jurisdiction of this courts. See Iasu v. Chertoff, 426 F. Supp. 2d 1124, 1128 (S.D. Cal. 2006) (explaining that the district court must dismiss, rather than transfer, a habeas petition filed after May 11, 2005), affirmed by Iasu v. Smith, 511 F.3d 881, 891-93 (9th Cir. 2007) (agreeing with Eleventh Circuit that even if habeas corpus relief is precluded by the REAL ID Act, a deportable alien can still seek review of constitutional and legal claims by moving the immigration judge or Board of Immigration Appeals to reopen or reconsider its previous ruling, and if unsuccessful, by filing a petition for review in the appropriate court of appeals).

## IV.

## ORDER

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is therefore ORDERED TO SHOW CAUSE, in writing, **by no later than twenty-one (21) days from the date of this Order** why this action should not be dismissed under Habeas Rule 4 for lack of jurisdiction. If, after review of this Order, Petitioner decides not to further pursue this action at this time, Petitioner may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). The Clerk is directed to send Petitioner a Central District Request for Dismissal form.

Petitioner is cautioned that a failure to respond timely in compliance with this Order could result in the dismissal of this action for the foregoing reasons, for failure to prosecute, and/or failure to comply with a Court order. See Fed. R. Civ. P. 41(b).

Dated: January 03, 2024

_____
JOHN D. EARLY
United States Magistrate Judge